UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| CHRISTOPHER HALPIN, ESQ., Administrator for the Estate of DAVID CARRIGER, and GARY PARIZO, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 1:89-cv-359 |
| JOSEPH J. PATRISSI, JOHN GORCZYK,, HEINZ ARENZ, CHARLES HATIN and KATHY LANMAN, | : : : : | |
| Defendants. | : : | |
| MITCHELL KING, | : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 1:92-cv-45 |
| HEINZ ARENZ, and STATE OF VERMONT: DEPARTMENT OF CORRECTIONS, | : | |
| Defendants. | : : | |
| JOHNNY LOPEZ, | : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 1:92-cv-75 |
| JOHN GORCZYK and RAY PILLETE, | : : | |
| Defendants, | : : | |
| RICHARD STEMPEL, | : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 1:92-cv-295 |
| HOWARD B. DEAN, III, JOHN G. GORCZYK, RAYMOND PILLETTE, HEINZ: and KAREN ST. LAWRENCE, | : : | |
| Defendants. | : : | |

RULING ON MOTIONS TO INTERVENE AND TO ENFORCE

Vermont inmate Kirk Wool, proceeding pro se, seeks to intervene as a movant and to enforce a 1997 stipulation entered into by the Vermont Department of Corrections ("DOC"). (Doc. 124.[1])  The Stipulation (Doc. 102; see also Docs. 109-1, 124-1) concluded litigation commenced in 1989, Halpin v. Patrissi, No. 1:89-cv-359, and later consolidated with three other cases filed in 1992, King v. Arenz, No. 1:92-cv-45, Lopez v. Gorczyk, No. 1:92-cv-75, Stempel v. Dean, No. 1:92-cv-295.  Defendants oppose the motion in what was the lead case[2], Halpin v. Patrissi, No. 1:89-cv-359 (Doc. 125) and Wool filed a reply (Doc. 126).

This is not Wool's first attempt to enforce the 1997 stipulation.  See Doc. 122.  The Stipulation resulted in the promulgation of a DOC Directive on prisoner legal resources.  For a more thorough explanation of the background of these cases, please see the Court's May 15, 2013 Opinion and Order (Doc. 123).

Wool requests the Court accept jurisdiction, enjoin the DOC from implementing an interim memo, dated March 28, 2017, eliminating inmate access to pre-printed court forms, and direct the DOC to adhere to the express terms of the Stipulation by providing pre-printed forms.  (Doc. 124 at 5.)  In his reply, Wool argues the Defendants "mistak[en]ly characterize" his motion as one to enforce the DOC Directive on prisoner legal resources that was promulgated as a result of the Stipulation.  (Doc. 126 at 1.)

Whether Wool's motion seeks to enforce the DOC Directive or the 1997 Stipulation, it must be denied.  The May 2013 Order holds the Court lacks subject matter jurisdiction over non-

---

[1] Citations to document numbers refer to the lead case, Halpin v. Patrissi, Case No. 1:89-cv-359, unless otherwise noted.

[2] The cases were deconsolidated in July 1996.  King v. Arenz, Case No. 1:92-cv-45 (Doc. 24); Lopez v. Gorczyk, Case No. 1:92-cv-75 (Doc. 16); Stempel v. Dean, Case No. 1:92-cv-295 (Doc. 25).

compliance with a state regulation such as the DOC Directive, and further notes "nothing in the 1997 stipulation suggests that this Court retains jurisdiction over every alleged violation thereof." (Doc. 123 at 8); Ransmeier v. Mariani, 486 F. App'x 890, 892 (2d Cir. 2012) (noting a district court "will generally follow its own earlier ruling on an issue in later stages of a litigation unless cogent and compelling reasons militate otherwise" (internal quotation marks and citation omitted)).

Accordingly, because the Court lacks subject matter jurisdiction, the motions in each case are DENIED.  See Halpin v. Patrissi, No. 1:89-cv-359 (Doc. 124); King v. Arenz, No. 1:92-cv-45 (Doc. 25); Lopez v. Gorczyk, No. 1:92-cv-75 (Doc. 17); Stempel v. Dean, No. 1:92-cv-295 (Doc. 26).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of July, 2017.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
United States District Judge